NATIONAL LABOR RELATIONS BOARD
v. STRATFORD FURNITURE CORP.
No. 14114.

United States Court of Appeals
Fifth Circuit.
March 20, 1953.

Bernard Dunau, Atty., A. Norman Somers, Asst. Gen. Counsel, and David P. Findling, Associate Gen. Counsel, George J. Bott, General Counsel, and Harvey B. Diamond, Atty. National Labor Relations Board, Washington, D. C., for petitioner.

Chester L. Sumners, Oxford, Miss., and Leslie Darden, New Albany, Miss., for respondent.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This case is before the court on petition of the National Labor Relations Board, seeking enforcement of its order requiring respondent, Stratford Furniture Corporation, to cease and desist from discouraging membership in any labor organization of its employees by discriminatory layoffs, or by otherwise discriminating in regard to the hire or tenure of employment; from interrogating its employees concerning their union activities and affiliations; from threatening them with reprisal for engaging in concerted activity for the purpose of collective bargaining; and from in any other manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them under Section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157. The order further directed respondent to make whole John Lyons, J. T. Pannell, and H. D. Rakestraw for any loss of pay they may have suffered by reason of the discrimination practiced against them; to make available to the Board certain records necessary to analyze the amount of back pay due, and to post appropriate notices.

The only questions presented for our determination are: (1) whether the Board properly found that the respondent discriminatorily denied leave to a union committee of four employees to attend a Board representation hearing and discriminatorily laid off three of the employees in reprisal for attending the hearing; and (2) whether the Board erred in finding that respondent unlawfully interrogated employees and applicants for employment concerning their union activities.

As for the refusal to permit attendance at the represention hearing and the resulting disciplinary layoff, the record discloses that on October 13, 1950, the respondent received formal notice that a hearing before the Board in a representation proceeding would be held on October 18, 1950. In preparation for the hearing, Knox W. Walker, subregional director, C. I. O., called a meeting of the United Furniture Workers of America, C. I. O., the union members employed by respondent. At this meeting Walker outlined to the employees the difficulties he anticipated because of foreseeable opposition by the respondent to the bargaining unit proposed by the union and at his suggestion and because he had very little knowledge of the mechanics of the plant and its operations, the employees selected a union organizing committee consisting of John Lyons, H. D. Rakestraw, J. T. Pannell and James Dickerson to assist him in presenting the union's case at the hearing. Whereupon, Walker advised the committee members that it would be necessary for them to attend the hearing and he urged them to ascertain whether there would be any difficulty in obtaining permission to leave the plant. They later advised Walker that they did not anticipate such difficulty and Walker suggested to the Board that it would not be necessary to issue a subpoena because respondent had given its consent to the employees' request for leave to attend the meeting.

On October 17, Lyons and Pannell asked their line foreman, James Whitehead, for permission to be off work for two hours the next day to attend the hearing. Foreman Whitehead answered: "It is all right with me," and that night Lyons informed Walker that he had permission to attend the hearing. The next morning, October 18, Lyons told foreman Whitehead that he would be leaving the plant at 9:30 to go to the hearing and Whitehead said "O. K." About 7:30 that morning Rakestraw asked his foreman, Kellerman, for permission to attend. Kellerman asked why the hearing was being held and, after Rakestraw explained its

purpose, the foreman gave him permission to take time off to attend. The fourth member of the union committee, James Dickerson, also made similar inquiry of his foreman, but the foreman did not commit himself.

Later that morning foreman Whitehead notified Lyons, Pannell, and Rakestraw that plant superintendent Phil Valerio wanted to see them in his office. On reporting there, Lyons and Pannell were met by Valerio, Massell, the respondent's vice-president, and Mr. Delman, the plant manager, who questioned the employees concerning their requests for time off to attend the hearing. Finally, Lyons was asked whether he would rather work for respondent or the union and the men were warned that if they attended the Board hearing each of them would be suspended for thirty days. Thereafter, Rakestraw was called to Valerio's office and received a similar warning. The employees indicated that they considered their presence at the hearing to be of vast importance and Lyons, Pannell and Rakestraw expressed an intent to attend the hearing despite the threatened layoff. Accordingly, Lyons, Pannell, and Rakestraw attended the hearing and assisted Walker in presenting the union's case. When the three men attempted to return to work Valerio informed them that they had been suspended for thirty days.

In concluding the respondent's denial of permission to attend the hearing and the disciplinary suspension of the three employees who attended the meeting were discriminatorily motivated and hence in violation of Section 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1, 3), the Board relied upon the following factors, among other things: (1) In the past, respondent's leave policy had been liberal and flexible, as evidenced by various specific instances where leave had been granted for trivial reasons; (2) The manner in which the leave requests were handled in this instance was a departure from the usual practice. The Board pointed out that respondent's practice had been to entrust the decision on leave requests to various foremen. In the instant case, foreman Whitehead and Kellerman granted leave to attend the hear-

ing but respondent's vice-president, plant superintendent, and plant manager intervened and rescinded the grant. The Board found that the manner in which the requests for leave became a matter of concern to high officials, in contrast to the casual way in which such requests had been handled in the past, demonstrated the discriminatory character of the denial of their requests. (3) The specious business reasons advanced to explain the denial of leave. The Board found it difficult to believe that respondent was motivated solely by a desire to avoid production delays in determining it could not spare the three employees for two hours in order to permit them to attend the hearing but found it possible to summarily dispense with their services for thirty days.

It is everywhere recognized that the National Labor Relations Act does not affect the normal exercise of the management function by an employer. At the same time, it is equally true that an employer may not, under cover of that right, improperly interfere with the organizational activities of its employees. Therefore, since the leave was requested for the purpose of assisting the union in establishing its representation claim, it must be conceded that if animus against the exercise of these rights was behind respondent's action in denying leave and suspending the three employees, it violated the Act and the Board's order must be enforced. As indicated above, we have carefully reviewed the entire record in this case and we find it impossible to say that the Board's findings are unsupported by substantial evidence on the record considered as a whole.

Finally it is urged that the Board erred in finding that respondent in violation of Section 8(a) (1) of the Act interrogated its employees and applicants for employment concerning their union activity. Although the practice does not appear to have been as flagrant and widespread at respondent's plant as in some of the cases to which our attention has been directed, at the same time there is no question but that the record amply supports the Board's finding in this regard. In the light of the discriminatory activity discussed above, we think the questioning of prospective em-

ployees Cousar and Manning by plant superintendent Valerio and office manager Dorothy Haynes and the interrogation of employee Thomas by assistant plant superintendent Harris may properly be deemed coercive. Stokely Foods, Inc. v. N. L. R. B., 5 Cir., 193 F.2d 736; N. L. R. B. v. Chautauqua Hardware Corp., 2 Cir., 192 F.2d 492; N. L. R. B. v. Alco Feed Mills, 5 Cir., 133 F.2d 419, 421.

For the reasons stated the petition of the Board to enforce its order must be and the same hereby is granted.