**Johnnie WALTON, etc., Plaintiff,**

v.

**UTILITY PRODUCTS, INC., Defendant.**

**No. GC 75–104–K.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Sept. 2, 1976.

Willie Lee Bailey, Greenville, Miss., for plaintiff.

Jerome S. Hafter, Greenville, Miss., for defendant.

## ORDER

KEADY, Chief Judge.

Plaintiff alleges that he was hired by defendant on June 30, 1970, and that he continued to work for defendant until September 17, 1971, at which time he was discharged for allegedly racially discriminatory reasons. A timely EEOC charge of racial discrimination ensued, and on November 5, 1974, plaintiff received notice from the EEOC that conciliation efforts had failed, and that plaintiff could pursue his claim in court if he filed an action within 90 days of receipt of an EEOC "right-to-sue" letter which would be furnished to him upon request. Plaintiff's attorney requested the right-to-sue letter on December 2, 1974, and on two subsequent occasions, but the EEOC did not deliver the

letter until June 26, 1975. Suit was then filed on August 15, 1975, three years, eleven months after the occurrence of the alleged racial discrimination against plaintiff, and nine months after receipt of the EEOC failure of conciliation notice, but less than two months after receipt of the EEOC right-to-sue letter.

The court now has before it the motion of defendant to dismiss the complaint in this action. Defendant contends: (1) that all demands for injunctive, declaratory and other relief based on 42 U.S.C. § 1981 are barred by the three-year period of limitations provided in Miss.Code Ann. § 15–1–29 (1972); (2) that all relief based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., is barred because of plaintiff's failure to file this action within 90 days of receipt by plaintiff of notice from the EEOC that efforts to conciliate his case had failed; and (3) that all claims based on the Ninth, Thirteenth, and Fourteenth Amendments of the United States Constitution fail to state a claim upon which relief can be granted.

■ The court rejects defendant's contention that the three-year limitations period of Miss.Code Ann. § 15–1–29 (1972) bars plaintiff's section 1981 claim. Defendant correctly states that since section 1981 contains no statute of limitations, the applicable period of limitations is determined by reference to the most analogous statute of limitations in force in the state in which the cause of action arises. Section 15–1–29 pertains to actions founded on implied contracts. The Fifth Circuit Court of Appeals has held that this section is the Mississippi statute of limitations applicable to actions seeking recovery of back wages, and that, therefore, recovery of back pay wages in a section 1981 employment discrimination suit will be limited to a period of three years prior to commencement of the action. *Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364 (5th Cir. 1974). This does not

mean, however, that a section 1981 employment discrimination action will be barred if not initiated within three years of the alleged act of discrimination, for such a suit generally involves more than a claim for back pay. In a Title VII case the Fifth Circuit has stated that:

> The right to be free from discriminatory practices in employment is not analogous to the right of action on implied or unwritten contracts . . . .. Indeed, it is the *failure* to contract for employment or promotion on an equal basis which gives rise to a Title VII action.

*United States v. Georgia Power Co.,* 474 F.2d 906, 923–24 (5th Cir. 1973).

■ This court is of the opinion that the reasoning of *Georgia Power* is equally applicable to a section 1981 employment discrimination action. As there is no Mississippi statute of limitations for civil rights actions, or a specific Mississippi statue of limitations for actions analogous to actions based on racial discrimination in employment, the general six-year period of limitations provided by Miss.Code Ann. § 15–1–49, rather than the three-year period provided by section 15–1–29, determines the time within which a section 1981 employment discrimination suit must be filed. As noted previously, section 15–1–29 does act as a limitation upon an employer's back pay liability, but it does not operate to bar the entire back pay claim, or a claim for declaratory or injunctive relief.[1] Since plaintiff filed his section 1981 claim well within the six-year period, defendant's motion to dismiss this portion of the complaint must be denied.

■ The court also does not agree with defendant's contention that Title VII relief is precluded because of plaintiff's failure to file this action within 90 days of receipt of the EEOC failure of conciliation notice. As pointed out above, the failure of conciliation

---

1. Subsequent to commencement of this action, § 15–1–29 was amended to provide a one-year period of limitations for actions founded on unwritten contracts of employment, Miss.Code Ann. § 15–1–29 (Supp.1976). In future § 1981 employment discrimination actions, back pay liability therefore will be limited to a period of one year prior to commencement of such actions.

notice advised plaintiff of his right to pursue his claim in court, but only by filing a civil action within 90 days after receipt of an EEOC right-to-sue notice, which would be furnished at plaintiff's request. The court is cognizant of the conflicting judicial views of the effect of the EEOC's past "two-letter" notice system on the 90 day limitation provided in section 706(f) of Title VII, 42 U.S.C. § 2000e–5(f), for filing a civil action based on an EEOC charge of discrimination. Both the Eighth and Tenth Circuit Courts of Appeals have held the 90-day period for filing suit begins to run after receipt of the second of the two letters, the right-to-sue notice; *Lacy v. Chrysler Corp.,* 533 F.2d 353 (8th Cir. 1976) (en banc); *Williams v. Southern Union Gas Co.,* 529 F.2d 483 (10th Cir. 1976); *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976). Although several district courts have adopted the view that the 90-day period is measured from receipt of the first letter, the notice of failure of conciliation, to date no circuit court of appeals has so held. In light of this situation, the court follows the reasoning of the Eighth and Tenth Circuits in the *Lacy, Tuft,* and *Williams* cases: that the 90-day period does not commence until the charging party is notified that the administrative processes of the EEOC have come to a halt, or until the charging party requests and receives a right-to-sue letter.[2] Defendant's motion to dismiss the Title VII aspects of plaintiff's complaint is accordingly denied.

■ Plaintiff's claims for relief pursuant to the Ninth, Thirteenth, and Fourteenth Amendments clearly fail to state claims upon which relief can be granted, and defendant's motion to dismiss these claims is sustained.

2. Subsequent to entry of this order, the Court of Appeals for the Fifth Circuit, on facts similar to this action, ruled that the 90-day period for filing suit run from the date of the second EEOC letter. *Zambuto v. American Tel. & Tel. Co.,* 544 F.2d 1333 (5 Cir. 1977).

*Zambuto,* however, held the two-letter practice violative of § 706(f)(1) of Title VII, but this ruling was to apply prospectively only from the date of decision (January 10, 1977) plus 90 days.