Emmett HEATH, Plaintiff,

v.

D. H. BALDWIN COMPANY et al., Defendants.

W. L. HOLMAN, Plaintiff,

v.

BALDWIN PIANO & ORGAN COMPANY et al., Defendants.

Nos. GC 75–123–S and GC 77–46–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

Dec. 29, 1977.

See also, D.C., 447 F.Supp. 495.

---

23. See cases collected in *Presseisen v. Swarthmore College,* 71 F.R.D. 34, 45 n. 12 (E.D. Pa.1976).

Robert E. Buck, McTeer, Walls, Bailey & Buck, Greenville, Miss., for Emmett Heath.

Solomon C. Osborne, North Miss. Rural Legal Services, Greenwood, Miss., for W. L. Holman.

Jerome C. Hafter, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for D. H. Baldwin.

Hugo Swan, James A. Gilker Law Offices, Fort Smith, Ark., C. R. McRae, Pascagoula, Miss., for National and Local Unions.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Because the above-captioned and numbered actions contain similar and related issues against common defendants, this memorandum is applicable to both.

*Emmett Heath v. D. H. Baldwin Company, et al,* GC 75-123-S (hereafter "Heath") was commenced by the filing of a complaint on September 28, 1975. The case of *W. L. Holman v. Baldwin Piano and Organ Co., et al,* GC 77-46-S (hereafter "Holman") was commenced on April 22, 1977. The labor union defendants are the International Chemical Workers Union (hereafter "International") and the International Chemical Workers Union, Local 800 (hereafter "Local 800").[1]

Plaintiff has filed in *Heath* a motion for class certification (filed August 10, 1977). The parties have submitted memoranda in support of their respective positions.

The parties have filed in *Holman* the following motions:

(1) Plaintiff's motion for class certification, filed July 1, 1977;

(2) Baldwin's motion to dismiss and to strike contained in answer filed July 28, 1977; and

(3) International and Local 800's motion to dismiss and to strike contained in answer, filed August 29, 1977.

## CLASS CERTIFICATION

### A. *The Heath action.*

Heath was hired by Baldwin in February, 1961. He was promoted to line-leader in November, 1964 and to group-leader in 1968, Heath was selected for a salaried supervisory position on April 29, 1969, and occupied this position until June 22, 1971, at

---

1. The correct corporate name of defendant is Baldwin Piano and Organ Company, not D. H. Baldwin Co., as shown in GC 75-123-S. The plaintiff in GC 75-123-S is represented by the Greenville Mississippi law firm of McTeer, Walls, Bailey & Buck. The plaintiff in GC 77-46-S is represented by Honorable Solomon C. Osborne of the Greenwood, Mississippi Bar. The plaintiff in each action seeks to represent a class of black people in a suit to enjoin allegedly racially discriminatory employment practices on the part of Baldwin.

which time he was laid off. Following his lay-off Heath filed a charge of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") wherein Heath stated "I was discriminated on account of my race (negro) [sic]". The EEOC subsequently found that there was reasonable grounds to believe Baldwin had discriminated against Heath on the basis of his race by promoting him to a supervisory position for which he was not qualified and then discharging him two years later when he proved to be an incompetent supervisor. This action followed.

Heath has now moved to maintain this litigation as a class action on behalf of a class consisting of: "All black persons who, on grounds of race, have been, are now and in the future may be, denied employment or otherwise discriminated against in hiring, promoting, or other terms and conditions of employment by defendant."

Baldwin contends that the case should not be certified as a class action because Heath does not meet the requirements of Fed.R.Civ.P. 23(a)(2)–(4) in three particulars, i. e., (1) he is not an adequate class representative, but to the contrary is primarily interested in and knowledgeable of only his own discharge as a supervisor; (2) his claims are not typical of the claims of the proposed class members, and (3) as a supervisor at the time his claim arose, he is not a member of the broad class he seeks to represent.

The record reflects that Heath has been rehired by Baldwin in an entry-level position since the filing of the complaint in this case. The record further reflects that Heath does not know of any instance in which Baldwin promoted an hourly compensated black employee to a salaried position, knowing at the time such employee did not possess the essential qualifications to successfully perform the duties of the position, in order to have a reason for discharging the employee. Heath's deposition also reflects that his main interest concerns his own claim. The court does not believe that this fact alone is sufficient to defeat his standing to represent other black employees who have been or may be subjected to the same character of discrimination as that to which Heath claims he has been subjected.

The only class which Heath could be reasonably expected to represent is a class of black employees who have been or may be in the future excluded from supervisory positions because of their race (black).

The record fails to show the number, if any, of black employees who have been excluded from supervisory positions because of their race. The record does show, however, that prior to his discharge Heath was the first and only black person to serve in the salaried position of supervisor (out of approximately 35) in the history of the company.

When considered in light of the percentage of blacks in the workforce at Baldwin's plant location, said to be 60%, the absence of black personnel in supervisory positions in the plant creates an inference that Baldwin may have discriminated against black employees by excluding them from supervisory positions.

Plaintiff's counsel are astute attorneys and well qualified to represent plaintiff and the class he desires to represent in the action sub judice.

The court has concluded that Heath can properly and adequately represent a class of black employees who have been or may be in the future excluded from Baldwin's supervisory force because of their race. The determination of the court to limit the class as indicated is supported by the decision of the Supreme Court of the United States in *East Texas Motor Freight v. Rodriguez*, 52 L.Ed.2d 453, 431 U.S. 395, 97 S.Ct. 1891 (1977) (hereafter "Rodriguez"). *Rodriguez* makes it clear that "a class representative must be a part of the class and 'possess the same interest and suffer the same injury' as the class members". 431 U.S. at 403, 97 S.Ct. at 1896, 52 L.Ed.2d at 462.

The *Rodriguez* court also said:

We are not unaware that suits alleging racial or ethnic discrimination are often by their very nature class suits, involving

classwide wrongs. Common questions of law or fact are typically present. But careful attention to the requirements of Fed.Rule Civ.Proc. 23 remains nonetheless indispensable. The mere fact that a complaint alleges racial or ethnic discrimination does not in itself ensure that the party who has brought the lawsuit will be an adequate representative of those who may have been the real victims of that discrimination.

431 U.S. at 405, 97 S.Ct. at 1898, 52 L.Ed.2d at 463.

Although Heath charged that his promotion to a supervisory position was made for the purpose of thereafter effecting his discharge in the manner hereinbefore indicated, the investigation made by EEOC developed the absence of blacks in Baldwin's supervisory force. An investigation into this facet of Baldwin's operation was well within the scope of the charge of racial discrimination made to EEOC by Heath, and within the scope of any conciliation effort that might follow. Heath's complaint to the extent herein mentioned presents issues which are well within the scope of any investigation which EEOC could reasonably have been expected to make as a result of the complaint. *Sanchez v. Standard Brands, Inc.* 431 F.2d 455, 466 et seq. (5th Cir. 1970).

The motion to certify the class to the extent mentioned will be sustained. An appropriate order will be entered.

### B. *The Holman action.*

As has been indicated, Holman filed his suit nearly two years after the action was filed by Heath. Holman seeks to represent a broad class of black individuals who are said to have suffered from the racially discriminatory practices of Baldwin in hiring, promoting and assignment of black people.

Holman was employed by Baldwin on or about June 22, 1968, after his graduation from high school. Holman was promoted over a period of time until he was given a supervisory position on October 30, 1973. Holman was further advanced in Baldwin's supervisory force on May 1, 1974, when he was promoted to a new mill supervisor. Holman was given expanded duties as a supervisor on November 1, 1975. He was subsequently terminated by the company in July, 1976.

Holman filed a charge against Baldwin with the EEOC. In his charge Holman stated that Baldwin had committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, by discharging him because of his race (Black) and because he had previously filed a charge of discrimination against Baldwin. Upon an investigation the EEOC could find no reasonable basis for the charge. Baldwin contended that Holman was discharged because of insubordination.

The EEOC issued a right-to-sue letter to Holman and this action was started. Holman charges in his complaint that Baldwin wrongfully discharged him solely on the basis of his race in violation of 42 U.S.C.A. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e, et. seq.

It is clear that Holman's claim places him within the class certified in *Heath*, GC 75–123–S. Since the court will certify the class in *Heath*, Holman's motion for class certification must be denied, and his claim may be presented by his attorney as a member of the *Heath* class. The court will order that Holman's action be consolidated for trial and for all purposes with *Heath*.

### THE LABOR UNION DEFENDANTS

Heath did not include the labor unions in his charge filed with EEOC; neither did Holman. The defendant labor unions have moved to dismiss both actions for the failure of Heath and Holman to file charges against them with the EEOC. The United States Court of Appeals for the Fifth Circuit, in *Miller v. International Paper Company*, 408 F.2d 283 (1969) said:

The unions advance two additional grounds for upholding the district court's grant of summary judgment as to them. First, they contend that the court lacked jurisdiction of the case because they were not named in the charges which the appellants filed with the EEOC. This cir-

cuit has already made clear—and we have reiterated in this opinion—that charging parties cannot bypass the EEOC. Therefore, if charges of employment discrimination have not been filed against the unions, the appellants' right to file suit against the unions has not ripened.

408 F.2d at 291.

There are, of course, exceptions to the *Miller* rule. It is unnecessary for the court to discuss the exceptions, as the court has concluded that the peculiar facts of the actions sub judice do not bring either of them within the exceptions.

The charges of Heath and Holman relate to supervisory employees only. Both were supervisory employees when discharged and they claim their discharges were on account of their race. The unions represent only non-supervisory personnel. The rights of Heath, Baldwin, and members of the class to be certified in *Heath*, would not be affected in any manner by the absence herein of either the International Union or Local 800. The undisputed facts do not justify any relief against either union. They should be, therefore, dismissed from the litigation.

### BALDWIN'S MOTIONS TO STRIKE

Baldwin has moved to strike the allegations of the complaints based upon the Thirteenth and Fourteenth Amendments to the Constitution of the United States, The Equal Pay Act of 1963, 29 U.S.C.A. §§ 206(d) and 216(b), the National Labor Relations Act, 29 U.S.C.A. §§ 151, et seq., and the prayer for relief in GC 77–46–S for punitive damages and damages for mental distress.

When considered in light of the records made in *Heath* and *Holman*, it appears, for the most part, that Baldwin's motions to strike are well taken. As to the motion to strike allegations of violation of the Fourteenth Amendment claims see: *Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); *Walton v. Utility Products, Inc.*, 424 F.Supp. 1145, 1148 (N.D.Miss. 1976); as to the motion to strike allegations of the violation of the Thirteenth Amend-

ment see: *United States v. Shackney*, 333 F.2d 475, 485 (2nd Cir. 1964) and cases therein discussed; as to the motion to strike allegations of violations of the Equal Pay Act of 1963, 29 U.S.C.A. §§ 206(d) and 216(b), see *Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Hodgson v. Behrens Drug Company*, 475 F.2d 1041, 1043 (5th Cir. 1973); as to the motion to strike allegations of violations of the National Labor Relations Act, 29 U.S.C.A. §§ 151, et. seq., see: *Radio Officer's Union v. National Labor Relations Board*, 347 U.S. 17, 39–40, 74 S.Ct. 323, 98 L.Ed. 455 (1954); *National Labor Rel. Bd. v. Stratford Furniture Corp.*, 202 F.2d 884 (5th Cir. 1953); as to the prayer for damages for mental distress and punitive damages, see: *Equal Employment Op. Com'n v. Detroit Edison Co.*, 515 F.2d 301, 308, et seq. (6th Cir. 1975); *United States v. Georgia Power Company*, 474 F.2d 906, 921 (5th Cir. 1973). An exception to the determination by the court to strike the prayer for punitive damages is that such prayer may not be stricken as to such punitive damages as may be allowable under the claim for violations of 42 U.S.C.A. § 1981: See the court's memorandum and order released April 29, 1977 in *Heath*.

Appropriate orders will be entered by the court.