**Will JORDAN et al., Plaintiffs,**

v.

**LEWIS GROCER COMPANY et al., Defendants.**

**No. GC 79–9–K–P.**

United States District Court, N. D. Mississippi, Greenville Division.

March 27, 1979.

---

**5.** 492 S.W.2d 934 (1972; reh. den. 1973).

**6.** *Haws and Garrett General Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607 (Tex., 1972).

Willie J. Perkins, Greenwood, Miss., for plaintiffs.

Jerome C. Hafter, Greenville, Miss., for defendants.

## MEMORANDUM OF DECISION

KEADY, Chief Judge.

This suit was instituted on January 22, 1979, by plaintiff Will Jordan as a class action against defendant Lewis Grocer Company (Lewis), alleging discriminatory discharge of plaintiff because of his race and a general policy and practice of racial discrimination by Lewis in its employment practices, including hiring, discharging, promotion and all other terms and conditions of employment. Plaintiff alleges causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and § 1981, 28 U.S.C. §§ 2201 and 2202 and the thirteenth amendment to the Constitution of the United States. Jurisdiction is based on 42 U.S.C. § 2000e et seq. and 28 U.S.C. § 1343. Defendant has moved the court to dismiss or, in the alternative, grant summary judgment on plaintiff's Title VII allegations for lack of jurisdiction, plaintiff's thirteenth amendment claim for failure to state a claim upon which the court could grant relief, and plaintiff's § 1981 claim on the ground that the applicable statute of limitations, Miss.Code Ann. § 15–1–29 (1976), bars prosecution of that claim.

## I. TITLE VII

Defendant urges that plaintiff's suit is barred by 42 U.S.C. § 2000e–5(f)(1), which requires that a civil action under Title VII be brought within 90 days after the plaintiff receives his notice of right to sue from the Equal Employment Opportunity Commission. Plaintiff received his notice of right to sue on October 23, 1978, and filed this suit on Monday, January 22, 1979—91 calendar days after receipt of the letter. Defendants' argument, however, fails to take into account Rule 6(a), F.R.Civ.P.,[1] which excludes from computation any Saturday, Sunday or legal holiday when the last day of the period falls on one of those days, and extends the period to the end of the next day which is not a Saturday, Sunday or legal holiday.

We see no reason why Rule 6(a) should not be applied in computing the 90–day period in a Title VII case and hold, along with other courts which have considered the question, that application of the Rule harmonizes with the intent of Congress in granting a right of action under this remedial legislation. *See, e. g., Pearson v. Furnco Constr. Co.,* 563 F.2d 815, 818–19 (7 Cir. 1977); *Haire v. Callaway,* 385 F.Supp. 309 (E.D.Mo.1974), *vacated on other grounds,* 537 F.2d 318 (8 Cir. 1976); *Burks v. Vann's Banking Corp.,* 3 FEP 620 (W.D. Tenn.1971). Plaintiff's action was, therefore, timely filed and jurisdiction under Title VII properly lodged in this court.

---

1. The relevant portion of Rule 6(a) reads as follows:

    The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

## II. THIRTEENTH AMENDMENT

The thirteenth amendment to the United States Constitution declares "[that] [n]either slavery nor involuntary servitude . . . . shall exist within the United States . . . ." It has long been established that the amendment is "self-executing without any ancillary legislation, so far as its terms are applicable to any existing state of circumstances." *Civil Rights Cases,* 109 U.S. 3, 20, 3 S.Ct. 18, 28, 27 L.Ed. 835, 842 (1883). The purpose of the amendment was to abolish all practices involving enforced subjection akin to slavery or compulsion by the states or private individuals. *See Flood v. Kuhn,* 316 F.Supp. 271, 281 (S.D.N.Y.1970), *aff'd,* 443 F.2d 264 (2 Cir. 1971), *aff'd,* 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972); *United States v. Shackney,* 333 F.2d 475, 485–86 (2 Cir. 1964). And while it is clear that the amendment's enabling clause empowers Congress "to pass all laws necessary and proper for abolishing all badges and incidents of slavery in the United States," *Jones v. Alfred Mayer Co.,* 392 U.S. 409, 439, 88 S.Ct. 2186, 2203, 20 L.Ed.2d 1189, 1207 (1968), the cases involving claims based upon the amendment itself, as opposed to statutes enacted under its enabling clause, have required some showing of compulsion, enforced labor without option or the like. *See, e. g., Flood v. Kuhn, supra,* at 281; *Oliver v. Donovan,* 293 F.Supp. 958, 970–71 (E.D.N.Y.1968); *United States v. Shackney, supra,* at 485–86.

In the case sub judice, plaintiff has charged defendant in general terms with "maintaining an ongoing policy and practice of discrimination against black people" in all phases of employment. There is no allegation that defendant has imposed conditions comparable to involuntary servitude upon its employees, and no such inference can be drawn from a charge of discriminatory conduct by defendant. We therefore hold that plaintiff has failed to state a claim under the thirteenth amendment upon which relief can be granted by the court.

## III. SECTION 1981

It is well established that the controlling statute of limitations for a cause of action under 42 U.S.C. § 1981 is determined by reference to the most appropriate limitation period of the state in which the cause of action arises. *Johnson v. Railroad Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295, 302 (1975); *Walton v. Utility Products, Inc.,* 424 F.Supp. 1145, 1147 (N.D.Miss.1976). As might be expected, the parties disagree on which Mississippi statute is the most appropriate one for purposes of § 1981. The question is not without difficulty in view of prior laws and prior decisions on the same issue.

In 1974, the Fifth Circuit held that Miss. Code Ann. § 15–1–29 (1972) (amended 1976) was the applicable limitation statute for claims for back wages under § 1981. *Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364, 1379 n.49 (5 Cir. 1974). Section § 15–1–29, provided at that time:

> Except as otherwise provided in the Uniform Commercial Code, actions on an open account or [an] account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of action accrued, and not after.

Subsequently in 1976, this court decided *Walton v. Utility Products, supra,* a case in which the plaintiff charged that he had been discriminatorily discharged in 1971 because of his race. In *Walton,* we acknowledged § 15–1–29's applicability to back pay claims, but held further that since a § 1981 suit "generally involves more than a claim for back pay," and since neither § 15–1–29 nor any other Mississippi limitation statute provided "for actions analogous to actions based on racial discrimination in employment," the general six-year statute of limitations in § 15–1–49 governed the period within which a § 1981 employment discrimination suit must be filed, while § 15–1–29 continued to limit an employer's back pay liability to a period of three years prior to commencement of the action. Although § 15–1–29 had been amended during the

same year *Walton* was decided, the court declined to apply the amended version in *Walton* because the plaintiff's cause of action had accrued in 1971—well before the July 1, 1976, effective date of the amendment.

In the case sub judice, however, plaintiff Jordan has alleged that he was discriminatorily discharged on January 12, 1977, because of his race, over six months after the amendment became effective. The court must therefore determine whether § 15–1–29, as amended, affects the continuing viability of our holding in *Walton*. The amended text of § 15–1–29 now reads:

> Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, <u>except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.</u> (emphasis added).

█ It is noteworthy that the present version of the statute is identical to its predecessor with the exception of the clause underscored above. In our view, the decision of the Mississippi legislature to add the last clause and the specificity of the clause itself, *i. e.*, a limitation of its application to "unwritten contract[s] of employment," clearly evidence an intent by the legislature to provide the specific limitation statute "for actions analogous to actions based on racial discrimination in employment" which we found previously nonexistent in *Walton*.[2] Thus, as the most appropriate state statute of limitations, § 15–1–29 provides a one-year limitation period within which a plaintiff must file suit under § 1981 after his cause of action has accrued. Since Jordan did not file suit until January 22, 1979, we hold that his claim for relief under

§ 1981 is barred by the statute and should be dismissed.

Let an order be entered accordingly.

---

**2.** Although no challenge has been made to the propriety of applying a one-year limitation period to § 1981 actions generally, we note that one-year statutes have been approved by the Fifth Circuit both explicitly, *see Cutliff v. Greyhound Lines, Inc.*, 558 F.2d 803, 804–05 (1977), and implicitly, *see Johnson v. Goodyear Tire & Rubber Co., supra,* at 1379 n.49.