562 So.2d 100 (1990)
HENDRY Construction Company, Inc.
v.
Bank of Hattiesburg.
No. 07-CA-58993.
Supreme Court of Mississippi.
May 9, 1990.
*101 J.B. Van Slyke, Jr., Hattiesburg, for appellant.
Jan Sellers, Hattiesburg, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
Hendry Construction Co., Inc. filed a complaint against Bank of Hattiesburg for wrongful refusal to recognize an alleged "Letter of Credit" from Deposit Guaranty National Bank, dated July 22, 1981. Plaintiff prayed for damages in the amount of $200,000. Bank of Hattiesburg denied that the July 22nd letter was a "Letter of Credit" and moved for summary judgment. On denial of this motion, Bank of Hattiesburg moved for a directed verdict on these same issues at the close of plaintiff's case. The jury returned a verdict in favor of Hendry Construction and awarded damages in the amount of "no damages". Both parties appeal, Hendry on the issue of damages and Bank of Hattiesburg on the denial of motions for summary judgment and directed verdict. Finding that the lower court erred in denying the motions of Bank of Hattiesburg we reverse.

I.
The complaint filed by Hendry Construction states that the plaintiff entered into an agreement with Producers Marketing Association to renovate, refurbish, remodel and construct certain improvements on land described in the contract; that the plaintiff sought financing and obtained a "Letter of Credit" from Deposit Guaranty National Bank dated July 22, 1981, and that the said letter acted as confirmation to the plaintiff that when all conditions had been met and approval granted by the Farmers Home Administration, the amount set out would be funded. The plaintiff alleges that when he delivered the "Letter of Credit" to the Bank of Hattiesburg, he relied on the Bank of Hattiesburg to obtain construction funds; that the bank advanced $138,543 and refused to make any further advancement, disregarding the "Letter of Credit"; that because the bank would not lend any more money, plaintiff had difficulty in completing his construction contract and was damaged in the total sum of $200,000 as a result of the alleged breach and refusal to recognize the "Letter of Credit."
We have carefully examined the letter described by plaintiff as a "Letter of Credit" and determined that it meets none of the requisites which would mandate finding this a "letter of credit".[1] A letter of credit is a credit issued by a bank which requires a documentary draft or demand for payment. Miss. Code Ann. § 75-5-102. It is "an engagement ... that the issuer will *102 honor drafts or other demands for payment upon compliance with the conditions specified in the credit." § 75-5-103(1)(a). "... (A) statement by a bank advising a third person that `we have committed to (x) for real estate mortgage loan' subject to substantive conditions was not a letter of credit because it lacked the `essential element' of a `direct promise by the bank to pay the addressee of the letter.' Johnston v. State Bank, 195 N.W.2d 126 (Iowa 1972)." R. Ryan, Letters of Credit and Bankers' Acceptances 84 (1988).
This letter merely advises Mr. Hendry, president of the plaintiff corporation, that Producers Marketing Association has applied to Farmers Home Administration for a loan of $800,000 with Deposit Guaranty National Bank of Hattiesburg acting as lender. The letter advises that the application was approved by Farmers Home Administration and Deposit Guaranty National Bank, subject to certain conditions. Mr. Hendry is advised to contact Producers Marketing Association for the conditions, should Mr. Hendry desire to review them. The letter recites that Deposit Guaranty has set aside $275,000 to be payable to Hendry Construction Company, Inc. and Producers Marketing Association on funding of the loan by Farmers Home Administration.
The complaint does not charge that the bank committed, either orally or in writing, to lend any particular amount of money. It merely charges that the bank did lend $138,543, and refused to lend more. Several exhibits were introduced relative to the loans: Hendry Construction Company assigned the proceeds of the building contract ($200,000) to Bank of Hattiesburg; a security agreement indicating that Bank of Hattiesburg was secured up to $75,000 by assignment of the contract between Hendry Construction and Producers Marketing Association; the resolution of Board of Directors of Hendry Construction authorizing Hendry, as president of the corporation to borrow up to $100,000 against the $250,000 to 275,000 contract; a Deed of Trust on Raymond Hendry's home, in the amount of $75,000 to secure a 45 day note due September 11, 1981; and notes for $75,000 and $48,000. None of these documents prove that the Bank agreed to lend Hendry any more than it did, $123,000.
We do not consider it necessary to go into detail on all of the motions which were made and the evidence adduced at the hearing. It suffices to say that the letter upon which the plaintiff relies is not a "Letter of Credit". There is no proof whatever of any engagement by Deposit Guaranty that it would honor drafts or other demands upon compliance with conditions specified in the letter. The letter is not addressed to the Hattiesburg Bank. There is no indication that the Hattiesburg Bank ever agreed to rely upon the Deposit Guaranty letter or that it did rely upon it. In fact, to the contrary, the proof shows that the Hattiesburg Bank relied upon an assignment of the proceeds under the contract and upon a deed of trust on real estate owned by the president of the plaintiff corporation. The record shows that the plaintiff simply failed to set out any claim in its complaint upon which relief could be granted and the proof offered failed to improve the plaintiff's situation.
It is clear, from the pleadings and from the proof, that the defendant was entitled to a directed verdict at the close of the plaintiff's case and, again, at the close of all of the evidence. Under our familiar rules with respect to these motions, there simply was nothing presented to the jury either in the facts or the most favorable inferences which could be drawn from the facts which would permit a reasonable and properly instructed juror to find for the plaintiff. The verdict of the jury as actually returned tends to recognize this fact in that no damages were allowed.
The initial motion for summary judgment by Bank of Hattiesburg should have been sustained. The motions for directed verdict and/or peremptory instruction should also have been sustained. See Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 656-57 (Miss. 1975).
Upon this record we have no alternative but to reject the plaintiff's tendered errors, *103 dismiss the appeal, sustain the cross-appeal, and reverse and render.

II.
Before the trial of the case in chief the defendant moved, in limine, to exclude certain testimony which the plaintiff proposed to offer with respect to contracts between the Hendry Construction Company, Inc. and one Jack Trigg, then president of the defendant bank. These dealings had to do with the construction of a recreational dwelling in Waveland. We have carefully examined the record with respect to this testimony and find no relevance between the matters described in that testimony and the issue, if there was an issue, between the plaintiff and the defendant. Miss.R. Evid. 401, 403. We are of the opinion, therefore, that the trial court did not err in excluding this testimony. See Howard v. Clanton, 481 So.2d 272 (Miss. 1985).
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
ANDERSON, J., not participating.
NOTES
[1] 22, 1981
 Mr. Raymond Hendry, President
 Hendry Construction Company
 Hattiesburg, Mississippi 39401
Dear Mr. Hendry:
This letter is to advise you that the Producers Marketing Association (AAL) has applied to the Farmers Home Administration for a loan in the amount of $800,000 with Deposit Guaranty National Bank of Hattiesburg acting as the lender to fund this loan. This application was approved by the Farmers Home Administration and Deposit Guaranty National Bank on April 29, 1981, subject to certain conditions that the Producers Marketing Association must meet in order for the loan to be funded. The Producers Marketing Association has a copy of this if you should desire to review these conditions that have to be met prior to loan closing.
The Producers Marketing Association has asked us to set aside $275,000 for plant renovation under contract to your construction company. This letter will act as confirmation to you that when all conditions have been met and approval is granted by the Farmers Home Administration for us to fund the loan, a check in the amount of $275,000 will be made payable to Hendry Construction Company and Producers Marketing Association.
 Very truly yours,
 Deposit Guaranty National Bank
 Max Huey/Vice President