THOMAS, J„
for the Court:
¶ 1. Johnny Sheriff appeals the dismissal of his complaint by the Circuit Court of Hinds County, First Judicial District. We affirm.
FACTS
¶ 2. On July 5, 1996, Sheriff, an inmate at Parchman, filed a complaint pro se against Leyser Q. Morris, George Thomas, Bill Mosley, Preston Carter, and Ross Barnett, Jr., alleging that the Appellees violated his rights and engaged in a conspiracy “to deprive him of his money and personal property.” Sheriff demanded $10,000 in compensatory damages from each Appellee, $20,000 in punitive damages, and $3,000 in costs in addition to the return of money and personal property.
¶ 3. The events leading to this complaint are as follows: On October 4, 1989, Sheriff and Appellee George Thomas were arrested by Jackson Police Officer Preston Carter and charged with possession of cocaine. Subsequently, Sheriff pled guilty to possession of cocaine and was sentenced to serve two years in the state penitentiary. At the time of the arrest, Sheriff alleges that he possessed on his person $1,566 in cash and four gold coins which were taken by the police and for which he was given a receipt. Pursuant to a request by Leyser Q. Morris, the Deputy City Attorney of the City of Jackson, Bill Mosley, appraised the coins which are the subject of this dispute.
¶ 4. Sheriff alleged that he employed Ross Barnett, Jr. to defend him. Sheriff asserts that Barnett requested he give Barnett two of the gold coins. Sheriff contends that, when he refused to do so on the basis that the coins were not his to give away, Barnett became upset.
¶ 5. According to the complaint, the coins and money were later the subject of a forfeiture proceeding. Sheriff contends that the letter of notice of forfeiture proceeding was mailed to him, but he did not receive the letter, and it was returned to the City of Jackson. Notice of the forfeiture proceedings by publication was made. Sheriff, in a letter to the attorney for the City of Jackson, stated that he had seen the notice in the newspaper and wanted “judicial review of the matter.”
¶ 6. While Sheriff makes it clear that he is not appealing his conviction and sentence, he nevertheless contends that Thomas was withholding information that could prove his innocence. He alleged in *1064 his complaint that the Appellees engaged in a conspiracy to falsify the charges against him for the purpose of depriving him of his property.
¶ 7. On December 29, 1998, a two and a half years after the complaint was filed, process was issued.
¶ 8. Barnett and Thomas jointly filed a motion to dismiss the complaint, and Preston Carter and the City of Jackson and Bill Mosley also filed motions to dismiss. The circuit court granted the motion to dismiss on the grounds that the statute of limitations had run on all matters in the complaint and that process was not served in a manner and time required by law.
ISSUES
¶ 9. On appeal, Sheriff contends the circuit court erred in dismissing his complaint and “whether the forfeiture of the Appellant’s money and gold coins [was] legally had.”
DISCUSSION

1. Dismissal of the complaint.

¶ 10. The circuit court first determined that dismissal was appropriate on the grounds that the applicable statute of limitation had passed. On appellate review, we employ a de novo standard of review when addressing on questions of law which include matters involving statutes of limitation. Ellis v. Anderson Tully Co., 727 So.2d 716(¶ 14) (Miss.1998). Although the circuit court did not specify which statute of limitation under which this case fell, having found no other applicable statute of limitation, we find that section 15-1-49 of the Mississippi Code, as amended, is the statute which applies to this case. Section 15-1-49 provides:
(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
(3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.
Miss.Code Ann. § 15-1-49 (Rev. 1995). Pursuant to this statute, Sheriff had three years from the time the forfeiture proceedings concluded in which to file his cause of action.
¶ 11. There is nothing in the record to indicate when the forfeiture proceedings were held. Sheriff had the burden of showing that his complaint was timely filed within the appropriate statute limitations and providing the date on which his cause of action accrued. See Hall v. Dillard, 739 So.2d 383 (¶ 19) (Miss.Ct.App.1999) (stating when a plaintiff asserts his case is not barred by statute of limitations, the burden is on him to show some legal or equitable basis for avoiding limitations period). Notwithstanding the fact that Sheriff failed to provide such a record, we found in the City of Jackson’s memorandum brief in support of its motion to dismiss, a copy of a letter signed by Sheriff dated November 20, 1989, in which he states that he received notice of the forfeiture proceeds via publication in the “Jackson newspaper.” In the memorandum brief, the City of Jackson claims that forfeiture of the currency and coins was declared on December 29, 1989, and references an affidavit filed by Glynn Cumberland, commander of the Vice and Narcotics Division of the Jackson Police Department, in which Cumberland stated that forfeiture of money and coins was in fact declared on December 29, 1989.
¶ 12. Sheriff filed his complaint against the named Appellees on July 5, 1996, over seven years following the forfeiture proceeds. Assuming such proceedings took place in December of 1989, Sheriffs complaint was filed outside of the applicable three year statute of limitations for filing *1065 such a cause of action. On this basis, we find that the circuit court properly dismissed Sheriffs complaint.
¶ 13. In addition, Sheriff argues that the circuit court deliberately “held” his complaint until January of 1999 when the summonses were first issued. The circuit court also based its opinion on the fact that the summonses were issued over two years after Sheriff filed his complaint. Sheriff contends that “no one car[ed] to follow the Mississippi Rules of Civil Procedures” and asserts that once he filed his complaint it was the circuit court clerk’s duty to issue service of process under Mississippi Rule of Civil Procedure Rule 4. We decline to address this argument because we have decided that the action was properly dismissed because the complaint was filed outside the time period frame prescribed by the applicable statute of limitation regardless of when the summons were issued.

2. Legality and notice of forfeiture proceedings.

¶ 14. Sheriff also contends that the forfeiture of his property was improper as there was insufficient proof of a nexus between the property and grounds for his arrest. Again, we are not given the official date of the forfeiture proceedings nor are there any records on appeal involving the forfeiture proceedings. Any challenge regarding the sufficiency of the evidence involving the connection of Sheriffs property to the grounds for his arrest should have been asserted in an appeal of those proceedings. Sheriff here attempts to attach his challenge of the forfeiture proceedings to his complaint that the Appellees engaged in a conspiracy to deprive him of his property. The appeal properly before this Court involves the dismissal of Sheriffs complaint in which he asserts his theories of conspiracy and demands monetary and declaratory relief in addition to the imposition of punitive damages. We find that the propriety of the forfeiture proceedings is a matter not properly before this Court, and accordingly, we decline to address this issue.
¶ 15. In conclusion, we rule that Sheriffs complaint was barred by the three year statute of limitations and that the circuit court did not err in dismissing this case on that ground.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, DISMISSING APPELLANT’S COMPLAINT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.