404 So.2d 1036 (1981)
AVERY, SHANKS & WALTMAN, INC.
v.
GIORDANO-KIRBY INSURANCE AGENCY, INC.
No. 52813.
Supreme Court of Mississippi.
October 14, 1981.
*1037 Barnett, Alagia & Pyle, William A. Pyle, Jackson, for appellant.
Rainer & Toney, John B. Toney, Brandon, for appellee.
Before SMITH, P.J., and WALKER and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Rankin County rendered in a suit by Avery, Shanks and Waltman, a corporation, against Giordano-Kirby Insurance Agency, a corporation. ASW's complaint charged a breach by Giordano-Kirby of an oral contract allegedly made with ASW and sought damages on account thereof.
The provisions of the alleged contract of October 17, 1978, is summarized as follows: ASW, a corporation, transferred all of its assets, accounts and corporate stock to Giordano-Kirby, all of the ASW corporate stock having been owned by two individuals, Douglas W. Shanks and Larry Waltman. The consideration therefor was the payment by Giordano-Kirby to ASW of certain commissions and the employment of the said two individuals by Giordano-Kirby as agents in its said insurance business. The contract provided that, in the event the said employment of the two individuals should be involuntarily terminated prior to October 31, 1983, Giordano-Kirby would immediately pay to ASW 2 1/2 times the "annualized commissions" on the accounts which had been transferred to it under the contract by ASW, the value of the accounts which had been so transferred alleged to be $80,000. It was alleged in the complaint that employment of the two individuals was involuntarily terminated by Giordano-Kirby on July 29, 1979, and that thereupon said 2 1/2 times the annualized commissions became due ASW as alternative consideration for the transfer of its assets but that Giordano-Kirby refuses to pay it. Other allegations in the bill seek recovery on the basis of unjust enrichment of Giordano-Kirby, saying, in effect that Giordano-Kirby has received its property without compensation therefor.
The bill of complaint was filed on August 14, 1980, less than three years before the cause of action arose, but more than one year after it arose. A special demurrer was filed to the complaint by Giordano-Kirby, setting up the bar of the statute of limitations dealing with oral contracts of employment as set forth in Mississippi Code Annotated section 15-1-29 (Supp. 1981):
Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.
The chancellor sustained the demurrer, there was no offer to amend, the bill was dismissed and this appeal by ASW ensued.
We have concluded that it was error to sustain the demurrer. The contract upon which the suit was brought by ASW, a corporation, provided for what amounted to a transfer of its assets to Giordano-Kirby. In compliance therewith, ASW had made the transfer. The consideration for the transfer was the payment by Giordano-Kirby of certain commissions and either (1) employment by Giordano-Kirby of two individuals who owned the ASW corporate stock, or, in the event the employment of these two individuals should be involuntarily terminated prior to October 31, 1983, Giordano-Kirby would pay for the assets of ASW which had been transferred to it under the contract 2 1/2 times the "annualized" commissions on the accounts which had been transferred to it by ASW. This was not a suit by employees to obtain reinstatement, *1038 or damages for wrongful termination of employment. It is, in essence, a suit by one corporation against another for compliance with a contract made between the two corporations. The contract has been fully executed by ASW and its assets transferred to Giordano-Kirby. The latter had a choice as to payment therefor: (1) Employment of the two individuals should not be involuntarily terminated prior to October 31, 1983, or (2) in the event that they should be involuntarily terminated prior to that date, (and it was alleged that they were) to pay in the alternative an amount equal to 2 1/2 times the annualized commissions on the accounts ASW had transferred to Giordano-Kirby under the contract, alleged worth $80,000. Giordano-Kirby may be said to have elected the latter by failure to comply with the former.
The action of the chancellor in sustaining the demurrer and dismissing the bill to recover an amount equal to 2 1/2 times the annualized commissions on the accounts ASW had transferred to Giordano-Kirby under the contract, or, in the alternative, the amount of unjust enrichment, is reversed and the case is remanded for trial upon its merits.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.