Manoria P. WHITE, Plaintiff-Appellant,

v.

UNITED PARCEL SERVICE,
Defendant-Appellee.

No. 82–4049
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1982.

Edward Blackmon, Jr., Canton, Miss., for plaintiff-appellant.

Judith J. Johnson, Jackson, Miss., for defendant-appellee.

Before CLARK, Chief Judge, and POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The district court granted United Parcel Service's summary judgment motion on the

ground that Mississippi's one-year statute of limitations for unwritten contracts of employment, Miss.Code Ann. § 15–1–29, applied to bar this employment discrimination action. We affirm.

Manoria P. White was discharged in September, 1978, by United Parcel Service, Inc. On February 3, 1981, she filed suit against her former employer. She alleged that UPS, by firing her, violated 42 U.S.C. §§ 1981, 1982 and 1983. The plaintiff conceded before the district court that no jurisdiction existed either under § 1982, which does not prohibit discrimination in employment, or under § 1983, since the defendant had not acted under color of law. The defendant's motion for summary judgment on the § 1981 claim was granted on the ground that the statute of limitations had run.

█ There is no federal statute of limitations for § 1981 actions, but the Supreme Court of the United States has held that the controlling statute of limitations is the "most appropriate one provided by state law." *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). As this circuit has noted previously, we are to find "refuge in analogous state limitations provisions." *Ingram v. Steven Robert Corp.,* 547 F.2d 1260, 1264 (5th Cir. 1977).

One of two Mississippi statutes provides the most analogous statute of limitations. Section 15–1–29 provides for a one-year limitation for actions "based on an unwritten contract of employment." The catch-all provision of § 15–1–49 grants a six-year limitation for all causes of action not otherwise covered by specific statutes.

The appellant contends that the six-year catch-all limitation applies. She argues that the Mississippi Legislature has done nothing to change the Fifth Circuit opinion in *Truvillion v. King's Daughters Hospital,* 614 F.2d 520 (5th Cir. 1980) (adopting the catch-all statute of limitations for a discrimination in hiring case).

The appellant's reliance is misplaced. In *Truvillion,* the court looked at § 15–1–29 before it was amended and held that its then three-year limitation provision for unwritten contracts did not apply to a refusal to hire case. Since the hospital in that case allegedly refused to hire the plaintiff, the action was not based upon a contract, written or unwritten, but upon a refusal to deal. Such a refusal is best styled as an employment discrimination tort and in the absence of a more specific statute, the six-year catch-all limitation was applied. *Id.* at 528. Four years after Ms. Truvillion's cause of action arose, the Mississippi Legislature amended § 15–1–29 to include a one-year statute of limitations specifically for causes of action arising from unwritten contracts of employment.

For two reasons, Ms. White's reliance on *Truvillion* is incorrect. First, the statute no longer merely applies to suits involving contracts not in writing. It expressly now applies to unwritten contracts of employment. Second, *Truvillion* dealt with a refusal to hire tort. This case deals with a charge of termination because of race. An employment relationship already existed between Ms. Hall and UPS creating an unwritten contract of employment within the coverage of the amended statute of limitations.

Judge Keady correctly decided that "the decision of the Mississippi Legislature to add the last clause [to § 15–1–29] . . . evidences an attempt by the Legislature to provide the specific limitation statute 'for actions analogous to actions based on racial discrimination in employment' which we found previously nonexistent in *Walton.*"[1] *Jordan v. Lewis Grocer Co.,* 467 F.Supp. 113, 117 (N.D.Miss.1979).

The Mississippi Supreme Court has also recognized that § 15–1–29 applies to § 1981 actions. In *Brantley v. Surles,* 404 So.2d 1013 (Miss.1981), the court affirmed the dismissal of a suit which alleged a job termina-

---

1. In *Walton v. Utility Products, Inc.,* 424 F.Supp. 1145 (N.D.Miss.1976), Judge Keady decided previously that the six-year limitation applied to § 1981 actions. The cause of action also arose prior to the amendment.

tion in violation of the plaintiff's due process rights. The lower court granted a demurrer which was based, *inter alia,* on the amended version of § 15–1–29. A discharge allegedly violating constitutionally protected due process rights is likely to be the most analogous case to a discharge in violation of § 1981 which will be addressed by the Mississippi Supreme Court, since Mississippi has no state fair employment practices law. In another recent case, the Mississippi Supreme Court again implicitly recognized that the amended version of the statute of limitations applied to a "suit by employees to obtain reinstatement, or damages for wrongful termination of employment." *Avery, Shanks & Waltman, Inc. v. Giordano-Kirby Insurance Agency, Inc.,* 404 So.2d 1036, 1037–38 (Miss.1981). The present action contests Ms. White's alleged wrongful termination. Thus, it is squarely within the language of *Avery.*

Complying with the Mississippi Legislature's obvious intent in amending § 15–1–29 and following the Mississippi Supreme Court's interpretation, we hold that the one-year statute of limitations in § 15–1–29 applies to causes of action alleging discriminatory terminations brought under § 1981.[2]

Ms. White asserts that another issue remains. She alleges UPS has continued to discriminate against her through adverse employment references given to prospective employers. However, as the lower court noted in its order, the parties agreed that the only genuine issue of material fact concerns the plaintiff's discharge. Even assuming, *arguendo,* that the agreement did not exist and that the plaintiff's complaint should be considered, her failure to respond to UPS' affidavits which deny the sending of negative references bars her attempt to breathe factual life into this claim. A party opposing a motion for summary judgment must meet the moving party's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial. *Keller v. Dravo Corp.,* 441 F.2d 1239, 1245 (5th Cir. 1971),

**2.** Our holding does not disregard *Truvillion.*

*cert. denied,* 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972). The plaintiff failed to meet UPS' affidavits. Summary judgment was therefore appropriate given the lack of any genuine issues of material fact.

AFFIRMED.

That is a refusal to hire case.