McRAE, Justice,
for the Court:
This appeal arises from a summary judgment in favor of Donald Evans in a suit for attorneys’ fees originally brought in a Mississippi state court by Evans’ attorney, Michael S. Fawer, and then removed to federal district court on diversity grounds. The district court granted Evans’ summary judgment motion on the ground that the action was time barred since it was subject to the one-year statute of limitation period controlled by Miss.Code Ann. § 15-1-29 (Supp.1992) for actions based on an unwritten contract of employment rather than the three-year statute of limitation period set out in the same statute for actions on an open account or any unwritten contract. Since the disposition of the appeal from the United States District Court for the Southern District of Mississippi to the United States Court of Appeals for the Fifth Circuit turns solely on the interpretation of Miss.Code Ann. § 15-1-29 (Supp. 1992) and raises important, unresolved questions concerning the scope of that statute, the Court of Appeals for the Fifth Circuit certified a question to this Court pursuant to Miss.Sup.Ct.R. 20.
The following question is certified to this Court:
Whether an attorney’s action against his client for fees for professional legal services rendered by the attorney to the client allegedly on open account pursuant to an unwritten agreement or understanding between them is subject to (i) the three-year limitations period prescribed by Miss.Code Ann. § 15-1-29 (Supp.1992) for “actions on an open account ... and on any unwritten contract,” or (ii) the one year limitations period prescribed by Miss.Code Ann. Sec. 15-1-29 (Supp.1992) for “actions based on an unwritten contract of employment”?[1]

FACTS

The uncontradicted facts related by the Fifth Circuit Court of Appeals are as follows:
Fawer is the Louisiana professional law corporation of attorney Michael S. Fawer, who successfully represented Evans as his criminal defense attorney from October 1986 *831 through June 1988, on charges brought against him in Mississippi. There was no written contract between Fawer and Evans. On June 7, 1988, Fawer sent Evans a bill in the amount of sixty-five thousand eight hundred and thirty-four dollars and forty-two cents ($65,834.42). After unsuccessfully trying for sixteen months to get Evans to pay his bill, Fawer finally filed this action for payment of his attorney fees, in Mississippi state court on December 7, 1989. Fawer’s complaint alleged that the professional legal services were furnished to Evans on open account.
On diversity grounds, Evans removed the action to the United States District Court for the Southern District of Mississippi and moved for summary judgment on the grounds that Fawer’s claim was time-barred by Miss.Code Ann. § 15-1-29 (Supp.1992) which states:
Except as otherwise provided in the Uniform Commercial Code, actions on an open account ... and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within' one (1) year next after the cause of action accrued, and not after.[2]
The District Court ruled that the Fawer-Evans relationship fell within the description “contract of employment” in § 15-1-29, and granted Evans’ motion for summary judgment on the ground that the action was time-barred as it was not filed within the one-year limitations period. Fawer filed a timely notice of appeal.
All parties, the District Court, and the Fifth Circuit agree that the limitations period that governs this suit is provided for in § 15-1-29. The dispute relates only to which of the two prescriptive periods provided in that section applies to this action, the three (3) or the one (1) year limitation.
Fawer contends that the dispute with Evans was an “action on an open account,” or on an unwritten contract, within the meaning of § 15-1-29 and, therefore, the action is subject to a three-year limitations period. Evans, on the other hand, argues that Fawer’s action is subject to the one-year limitations period as it falls under the “unwritten contract of employment” provision of § 15-1-29. If the one-year period applies, Fawer’s action is barred, as the district court held. If the three-year period applies, the action is not barred, and the court of appeals would reverse the judgment below and remand the cause for further proceedings.
LAW
This controversy can be resolved by this Court’s determining the nature of the relationship between attorney and client. In determining which limitation period applies, it is necessary to decide if the nature of the relationship involved in the case is that of an unwritten employment contract, or if it is in the nature of some other unwritten contract such as an unwritten contract for professional services which we traditionally do not regard as employer-employee. Mississippi has held the one-year statute of limitation for unwritten employment disputes applicable in these cases: White v. United Parcel Service, 692 F.2d 1 (5th Cir.1982) (action alleging discriminatory terminations brought under 42 U.S.C. § 1981); Jordan v. Lewis Grocer Co., 467 F.Supp. 113 (N.D.Miss.1979) (action under 42 U.S.C. § 1981 for employment discrimination applying Mississippi Law); Sloan v. Taylor Machinery Co., 501 So.2d 409 (Miss.1987) (action establishing employment contract where employee had no written contract but proved management gave him employee manual).
The word “employ,” however, has such a broad meaning that it is not instructive to focus on the use of that word alone in order to define the relationship between attorney and client. It is much more important to focus on the functional aspect of the relationship in order to characterize the relationship as either traditional employer-em *832 ployee contract for employment or a contract for professional services.
The United States District Court for the Southern District of Mississippi found:
[T]his Court is in agreement with the defendant that the issue before it is whether the relationship between the plaintiff and defendant was a contract of employment, not whether the attorney-client relationship between the plaintiff and defendant is an employer-employee relationship. This Court agrees with the defendant that when the statute refers to a contract of employment, it is referring to a number of relationships considered to be contracts of employment. The services of an independent contractor may be employed just as the services of an employee may be employed.
It appears to this Court that an unwritten contract existed between the plaintiff and the defendant, and that their relationship need not be one of employer-employee in order to be intended to be within the meaning of Mississippi’s one-year statute of limitations. Accordingly, because the plaintiff commenced this action on November 6, 1989, and because it was more than a year from the time the cause of action accrued on July 7, 1988, this suit is time barred and the defendant’s Motion for Summary Judgment should be granted.
The District Court relied on the definition of “employ” as found in Black’s Law Dictionary 617 (4th ed. 1957) in support of its finding that the agreement between the parties was a contract of employment. That definition states:
To engage in one’s service; to use as an agent or substitute on transacting business; to commission and entrust with the management of one’s affairs; and, when used in respect to a servant or hired laborer, the term is equivalent to hiring, which implies a request and a contract for a compensation....
The court further relied on the use of the term “employment” in certain Mississippi cases, as well as in the table of contents to the Attorney and Client section of the Mississippi Digest.[3]
Fawer argued that for purposes of § 15 — 1— 29, “contracts for employment” is synonymous with “employment contracts” in an employer-employee relationship. Fawer further rebutted the use of the Mississippi Digest on “Employment Contracts” and “Contracts for Employment” as authority since all cases listed thereunder are traditional employer-employee and master-servant cases.
Fawer relies on Cook v. Wright, 177 Miss. 644, 171 So. 686 (Miss.1937), to advance his premise that the agreement in question is one of services, not one of the traditional employer-employee relationship. In Cook, this Court provided:
[Wjhere the object of the contract is to produce a certain net result, ... and the contractor’s obligation is to produce that net result by means and methods over which in the performance, so far as concerns the details of the management of the means and of the physical conduct of himself and of his employees thereinabout, he has ... his own control, the contract is one for service, not one of service; that is to say, the relation of master and servant does not exist.
Id., 171 So. at 689.
Evans did not have the knowledge, experience or ability to control the details of Faw *833 er’s work. The reason he sought Fawer’s legal services was because Fawer was skilled in criminal defense work. Evans was simply concerned with the net results of Fawer’s work. In. essence, the only concern Evans had was to escape criminal liability, not to control the particulars of how Fawer achieved the result. The agreement, thus, was'one for services and not one of service.
The following cases reflect other states’ decisions regarding the nature of an attorney-client relationship and the applicable statute of limitations when an attorney flies suit against a client for payment of fees: E.O.C. Ord, Inc. v. Kovakovich, 200 Cal.App.8d 1194, 246 Cal.Rptr. 456 (Cal.Ct.App.1988) (considered a personal performance contract; statute of limitation governing actions based on written contract was four years and oral contract was two years); Grinev v. Foskey, 158 Ga.App. 769, 282 S.E.2d 150 (Ga.Ct.App.1981) (considered an action on debt; statute of limitation was four years); Matchett v. Rose, 36 Ill.App.3d 638, 344 N.E.2d 770 (Ill.App.Ct.1976) (considered a professional services contract; statute of limitations was five years for action on oral contract); Lyons v. Hall, 90 So.2d 519 (La.Ct.App.1956) (specific three-year statute of limitation for actions brought by attorneys for payment of fees).
CONCLUSION
The phrase “actions on unwritten contracts of employment” in Miss.Code Ann. § 15-1-29 (Supp.1992), applies only to traditional employer-employee situations. If we hold otherwise, all situations could qualify for the one-year limitations period. It is more reasonable to depend on the situations to which the one-year limitation has been applied, the traditional employer-employee situations, as opposed to a contract for professional services.
In reference to the question certified to us by the Fifth Circuit Court of Appeals, we conclude that an attorney’s action against his client for fees for professional legal services rendered by the attorney to the client on open account pursuant to an unwritten agreement is subject to the three-year limitations period prescribed by Miss.Code Ann. § 15-1-29 (Supp.1992) for actions on an open account or any unwritten contract, not the one-year limitation period prescribed by the same statute for actions based on an unwritten contract of employment.
CERTIFIED QUESTION ANSWERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.

. Miss.Sup.Ct.R. 20 authorizes a procedure which permits this Court to render a definitive opinion and provide a controlling precedent to the pending federal litigation on a question of substantive Mississippi law. State Farm Mut. Auto Ins. Co. v. Daughdrill, 474 So.2d 1048, 1049 (Miss.1985). In the past we have dealt with certified questions on these occasions: Puckett v. Rufenacht, Bromagen & Hertz, Inc. 587 So.2d 273 (Miss.1991) (standard of care and duties owed by commodities brokers); Minnesota Mut. Life Ins. Co. v. Larr 567 So.2d 239 (Miss.1990) (whether insurance provision which terminates contract when insured reaches specified age can be waived by insurer’s continued acceptance of premiums); Choctaw, Inc. v. Wichner, 521 So.2d 878 (Miss.1988) (whether wife's award of loss of consortium damages was to be reduced by percentage of contributory negligence attributable to her husband in action for loss of consortium derivative of her husband’s action for personal injury); State Farm Mut. Auto. Ins. Co. v. Daughdrill, 474 So.2d 1048 (Miss.1985) (whether Uninsured Motorist Act required that uninsured motorist coverage pay punitive damages); Boardman v. United Services Auto. Ass’n, 470 So.2d 1024 (Miss.1985) (choice of law in automobile insurance cases); Government Employees Ins. Co. v. Brown, 446 So.2d 1002 (Miss.1984) (whether aggregation of uninsured motorist coverage was permitted under the Uninsured Motorist Act); Walters v. Inexco Oil Co., 440 So.2d 268 (Miss.1983) (whether statutory penalty against unsuccessful appellants should be enforced in federal courts under Erie doctrine); Nelson v. James, 435 So.2d 1189 (Miss.1983) (whether action is timely filed if filed on Monday and time deadline was on Sunday); First Nat'l Bank of Columbus v. Drummond, 419 So.2d 154 (Miss.1982) (which statute of limitations governs an action on guaranty contract); Anderson v. Jackson Municipal Airport Auth., 419 So.2d 1010 (Miss.1982) (whether airport authorities are government officials for purposes of immunity).
This Court declined to hear the following cases; Jones by Jones v. Harris, 460 So.2d 120 (Miss.1984) (inheritance rights of illegitimate children; declined to answer because question assumed that statute creating new remedy for illegitimate children in form of action to determine heirship was unconstitutional but constitutionality of that statute had not been squarely presented to and litigated by courts), and Cowan v. Ford Motor Co., 437 So.2d 46 (Miss.1983) (whether nonresident plaintiffs may utilize Mississippi courts to sue foreign corporations qualified to do business and actually doing business in Mississippi for an accident which occurred outside Mississippi and which had no relation to the foreign corporation's business in Mississippi when statute of limitations had run in state in which plaintiff resides; declined to answer because previously decided and was not matter of great public interest presenting any unique or unusual legal problem not already decided).

. The one-year exception for-"contracts] of employment” was the result of a 1976 amendment to Miss.Code Ann. § 15-1-29.

. Owen and Galloway v. Travelers Ins. Co., 499 So.2d 776 (Miss.1986) (Walker, an injured employee, hired Owen and Galloway, attorneys, to represent him in an action against Travelers who provided workmen’s compensation benefits to Walker); Whitehead v. Ducker, 19 Miss. 98 (1848) (woman "employed” a lawyer to claim slaves for her); Attorney Client section of the Mississippi Digest refers to West key numbers which use the word "employment": Key 78 "Employment of Counsel”; Key 133 "Employment of an Attorney”; Key 166 "Evidence (2) Employment”. The District Court noted that the Mississippi Digest cites no cases under these key numbers, but yet the court felt justified in using them. In contrast, under "Contracts of Employment” or "Employment Contracts” in the Mississippi Digest, one is directed to "Labor and Employment” and then is ultimately referred back to “Master and Servant" under which the cases cited deal with traditional employer/employee situations rather than contracts for professional services. The only apparent reason that the District Court seemed to latch on to these particular cases is because they contain phrases about attorneys being "employed” by their clients. The only similarities between the cited cases and the case sub judice, is that' both involve an attorney and a client. That is where the similarity ends.