*713
 
 LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. On March 23, 2006, Drusilla McCool filed a complaint in the Circuit Court of Coahoma County against her former employer, Coahoma Opportunities, Inc. (COI), after her employment was terminated. The following employees of COI were also named as defendants: Kathy McDougal, Head Start Director; Johnny McGlown, Board Chair; Mayo Wilson, Executive Director; and Jimmie Ann Sellers, Personnel Director (collectively referred to as COI).
 

 ¶ 2. McCool alleged the following claims against COI: (1) wrongful termination, (2) conversion, (8) negligence, and (4) intentional infliction of emotional distress (IIED). COI filed for summary judgment on the grounds that McCool’s claims for wrongful termination and IIED were barred by the statute of limitations and that her claims for conversion and negligence were not supported by the evidence. The trial court agreed and granted summary judgment in favor of COI. McCool’s claims were dismissed with prejudice.
 

 ¶ 3. McCool now appeals, asserting the following issues: (1) the trial court erred in granting summary judgment because a question of material fact existed regarding the existence of an employment contract; (2) the trial court erred in finding that COI was not guilty of conversion; (3) the trial court erred in granting summary judgment because a question of material fact existed regarding whether her exclusive remedy for negligence was through the Mississippi Workers’ Compensation Act; and (4) the trial court erred in ruling her claim for IIED was barred by the statute of limitations. Finding no error, we affirm the grant of summary judgment.
 

 FACTS
 

 ¶ 4. McCool was employed by Coahoma County Head Start, which was operated by COI. COI is a private, non-profit corporation that provides social services to low-income families. McCool held various positions with COI from 1984 through 2004, with the exception of a brief break in 1990 and 1991. Her most recent position was as a Head Start teacher.
 

 ¶ 5. In 2003, the Head Start program began experiencing financial difficulties. COI paid the Head Start employees their take-home salaries, but it was unable to fulfill other obligations, such as employees’ garnishments and bankruptcy withhold-ings. COI paid the obligations when money became available. McCool had certain withholdings from her paycheck because she had filed for bankruptcy. The payments were delinquent for several months.
 

 ¶ 6. Because McCool’s bankruptcy payments had fallen behind, the bankruptcy trustee filed a motion to dismiss McCool’s bankruptcy case. In March 2004, the payments, which included McCool’s house payment, were $2,242.15 in arrears. In April 2004, COI submitted four months of payments to the trustee to prevent dismissal of the case. During this time, McCool and two other teachers contacted the Attorney General’s Office, Head Start’s regional offices, Head Start board members, and a newspaper to alert them of COI’s failure to remit payments.
 

 ¶ 7. On July 28, 2004, McCool was sent a letter that stated, “in review of your continuous display of actions, which jeopardized funding for the agency, your services are no longer needed.... ” McCool states that prior to the letter, she had no indication COI was dissatisfied with her work. McDougal, the Head Start director, claimed that McCool was terminated after making false allegations against the agency.
 

 STANDARD OF REVIEW
 

 ¶ 8. In reviewing a lower court’s grant of summary judgment, this Court employs a
 
 *714
 
 de novo standard of review.
 
 Anglado v. Leaf River Forest Prods.,
 
 716 So.2d 543, 547 (¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
 

 DISCUSSION
 

 I. BREACH OF CONTRACT
 

 ¶ 9. McCool argues that COI breached its employment contract with her when her employment was terminated. The trial court found that McCool’s claim was barred by the one-year statute of limitations because no written employment agreement existed.
 

 ¶ 10. McCool argues that the applicable statute is Mississippi Code Annotated section 15-1-49 (Rev.2003), which calls for a three-year statute of limitations for “[a]U actions for which no other period of limitation is prescribed.” The statute of limitations for an action based on an unwritten contract of employment is one year from the time the cause of action accrues. Miss.Code Ann. § 15-1-29 (Rev.2003).
 

 ¶ 11. In determining the applicable statute of limitations, we look to whether McCool had a written employment contract or whether the employment relationship was at will. McCool names two documents that she asserts show evidence of a written contract: the personnel manual and a personnel action form.
 

 ¶ 12. The supreme court has held as follows regarding unwritten employment contracts: “Where a person is not named in the written contract and parol evidence is necessary to show the existence of the contractual relationship, the contract is unwritten insofar as that person is concerned and the limitations statute relating to written contracts is not applicable.”
 
 Sloan v. Taylor Mach. Co.,
 
 501 So.2d 409, 410 (Miss.1987). Further, “[a]n employee handbook cannot be considered a contract between the employer and the employee where the handbook explicitly states that the employee can be terminated at will.”
 
 Hartle v. Packard Elec., a Div. of Gen. Motors Corp.,
 
 626 So.2d 106, 109 (Miss.1993).
 

 ¶ 13. McCool is not named in the personnel manual, and the manual does not detail any alleged employment contract between COI and McCool. The language in the personnel manual states that the “policies and procedures do not constitute a contract of employment.” The personnel manual also explicitly states that employment with COI is strictly “at will.”
 

 ¶ 14. As for McCooFs argument that the personnel action form was evidence of a written contract, we find that this argument is barred as it is being raised for the first time on appeal. Further, McCool is not claiming that COI breached the personnel action form; therefore, it is not relevant to this appeal.
 

 ¶ 15. We find that McCooFs employment was at will. The employee handbook did not mention McCooFs name, and it specifically stated that McCooFs employment could be terminated at will. There
 
 *715
 
 fore, the applicable statute of limitations is one year as stated in section 15-1-29. McCool’s employment was terminated on July 28, 2004. She filed this suit on March 23, 2006. Therefore, her complaint for breach of contract is procedurally barred.
 

 II. CONVERSION
 

 ¶ 16. McCool argues that COI was guilty of conversion because it paid her bankruptcy payments and insurance premiums late.
 

 ¶ 17. To establish a conversion, “there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner’s right, or of an unauthorized and injurious use, or of a wrongful detention after demand.”
 
 Cmty. Bank, Ellisville, Miss. v. Courtney,
 
 884 So.2d 767, 772-73 (¶ 10) (Miss.2004) (quoting
 
 Smith v. Franklin Custodian Funds, Inc.,
 
 726 So.2d 144, 149 (¶ 20) (Miss.1998)).
 

 ¶ 18. COI did not have the funds to pay its additional expenses, and McCool admits she was aware of this fact. Since COI did not possess the funds, the first element of conversion, wrongful possession, is not met. Also, there is no evidence that COI acted in an unauthorized way with the intention of wrongfully detaining McCool’s property. McCool claims no damages as a result of COI’s late payments. We find no merit to this issue.
 

 III. NEGLIGENCE
 

 ¶ 19. McCool alleges COI engaged in negligent accounting practices which led to it being unable to meet its financial obligations.
 

 ¶ 20. The trial court found that McCool’s negligence claim was barred, as the exclusive remedy against COI is the Mississippi Workers’ Compensation Act. Miss.Code Ann. § 71-3-9 (Rev.2000). McCool argues that her claims fall outside the Act because COI’s actions were willful and malicious. However, McCool testified that her negligence claim was solely related to her employment and that COI’s actions were not related to a personal vendetta against her. The supreme court has set out two elements which must be met in order to avoid the exclusivity of the Act: “(1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee’s business, and (2) the injury must be one that is not compensable under the act.”
 
 Griffin v. Futorian Corp.,
 
 533 So.2d 461, 463 (Miss.1988). McCool has not shown that COI’s actions were willful and malicious. Further, McCool has failed to present evidence showing that she suffered damages because of COI’s actions. We find that McCool’s negligence claim is without merit.
 

 IV.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
 

 ¶21. Finally, McCool argues that COI’s actions intentionally inflicted emotional distress upon her. The statute of limitations for a claim of IIED is one year after the cause of action accrued.
 
 Jones v. Fluor Daniel Servs. Corp.,
 
 32 So.3d 417, 423 (¶ 26) (Miss.2010).
 
 See
 
 Miss.Code Ann. § 15-1-35 (Rev.2003). McCool’s claim is based on the termination of her employment, which occurred on July 28, 2004. The suit was filed on March 23, 2006. Therefore, her claim is procedurally barred.
 

 ¶ 22. Having found that no genuine issue of material fact exists, we find that the trial court did not err in granting summary judgment in favor of COL
 

 ¶ 23. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS
 
 *716
 
 APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.