# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00436-SCT

*COMMUNITY CARE CENTER OF ABERDEEN*

*v.*

*MARY ARNETTA BARRENTINE*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/13/2014 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| TRIAL COURT ATTORNEYS: | JIM WAIDE |
| | RON L. WOODRUFF |
| | JOHN L. MAXEY, II |
| | S. MARK WANN |
| | KELLY HOLLINGSWORTH STRINGER |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN L. MAXEY, II |
| | S. MARK WANN |
| | KELLY HOLLINGSWORTH STRINGER |
| ATTORNEYS FOR APPELLEE: | JIM WAIDE |
| | RON L. WOODRUFF |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 03/26/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON AND RANDOLPH, P.JJ., AND LAMAR, J.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     A nursing home employee filed a wrongful-discharge suit more than a year after she claims she was fired for reporting suspected patient abuse.  Although wrongful-discharge suits in Mississippi generally must be based upon written employment contracts, she claims her suit falls under the public-policy exceptions this Court announced in ***McArn v. Allied***

***Bruce-Terminix Co., Inc.***[1]  The issue presented is whether—as she argues—her wrongful-discharge suit is governed by the general three-year statute of limitations governing torts,[2] or—as the nursing home argues—it is governed by the one-year statute of limitations applicable to unwritten employment contracts.[3]  The trial court held ***McArn*** wrongful-discharge claims are tort actions, subject to the general three-year statute of limitations.  We agree.

### FACTS AND PROCEDURAL HISTORY

¶2.    On November 15, 2012, Mary Barrentine sued Community Care Center of Aberdeen "for discharge in violation of public policy," alleging she was wrongfully discharged from her nursing position on April 29, 2011, after she reported suspected nursing-home patient abuse to the State Ombudsman and Community Care Center's corporate compliance officer.  Community Care Center responded with a motion for summary judgment, arguing that Barrentine's claims were based upon an unwritten employment contract and, thus, barred by Section 15-1-29's one-year statute of limitations.  Barrentine opposed the motion, arguing that her suit sounded in tort and was governed by Section 15-1-49's three-year statute of limitations.

¶3.    The trial court denied Community Care Center's motion for summary judgment, finding "that the statute of limitations for a cause of action of wrongful discharge in violation

---

[1] *See **McArn v. Allied Bruce-Terminix Co., Inc.***, 626 So. 2d 603 (Miss. 1993).

[2] *See* Miss. Code Ann. § 15-1-49 (Rev. 2012).

[3] *See* Miss. Code Ann. § 15-1-29 (Rev. 2012).

of Mississippi's [public] policy is three (3) years." Because this is an issue of first impression, we granted Community Care Center's Petition for Permission to File Interlocutory Appeal.

**ANALYSIS**

¶4.     We review a trial court's denial of a motion for summary judgment de novo, because the "[a]pplication of a statute of limitation is a question of law to which a de novo standard . . . applies."[4]

### A.     *McArn* **Wrongful Discharge in Violation of Public Policy Claims**

¶5.     Mississippi rigidly follows the common law employment-at-will principle, that is, "a contract for employment for an indefinite period may be terminated at the will of either party, whether the discharge is for any reason or no reason at all."[5]  But in *McArn*, this Court created two independent tort actions based on "a narrow public policy exception to the employment at will doctrine."[6]

¶6.     In *McArn*, a former termite-control employee sued Terminix for wrongful discharge after he allegedly was fired for telling the State Department of Agriculture and other customers that their homes and businesses had not been properly treated.[7]  We held that "an

---

[4] ***Knight v. Knight***, 85 So. 3d 832, 835 (Miss. 2012) (quoting ***Sarris v. Smith***, 782 So. 2d 721, 723 (Miss. 2001)).

[5] ***Buchanan v. Ameristar Casino Vicksburg, Inc.***, 852 So. 2d 25, 26 (Miss. 2003) (citing *McArn*, 626 So. 2d at 606).

[6] *McArn*, 626 So. 2d at 607.

[7] *Id.* at 604-06.

employee who refuses to participate in an illegal act . . . shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer."[8]  We also held that "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer."[9]  We described these torts as "public policy exceptions to the age old common law rule of employment at will," and we held that "[t]hese exceptions apply even where there is 'privately made law' governing the relationship, where the illegal activity either declined by the employee or reported by him affects third parties among the general public, though they are not parties to the lawsuit."[10]

¶7.     In *Willard v. Parcelsus Health Care Corp.*, (*Willard I*), this Court again recognized "[t]he exception to the employment-at-will doctrine sounds in tort, and we recognize, as the majority of jurisdictions do, that a party is entitled to pursue all remedies available in tort, including punitive damages."[11]  In *Willard I*, community hospital employees sued the hospital's parent company for wrongful discharge after they allegedly were fired for reporting illegal activities of another hospital employee.[12]

---

[8] *Id.* at 607.

[9] *Id.*  Barrentine's claim for "wrongful discharge in violation of public policy" stems from this second tort created in *McArn*, i.e., she allegedly was fired for reporting suspected elder abuse.

[10] *Id.*

[11] *Willard v. Paracelsus Health Care Corp.*, 681 So. 2d 539, 542 (Miss. 1996).

[12] *Id.* at 540.

¶8.    We now must address an unfortunate ambiguity created in ***Willard II***, wherein this Court remarked that "[t]he basis of the action in this case is breach of the employment contract."[13]  We explained that

> [r]etaliatory discharge, found by this Court to be an independent tort in ***Willard I***, is but another form of tortious breach of contract.  Describing retaliatory discharge as an independent tort does not mean that the underlying cause of action is not one for breach of contract.[14]

¶9.    The Court in ***Willard II***—citing two Michigan state cases and a Northern District of Indiana case—stated that "several courts have found that an action for retaliatory discharge is a contract action."[15]  This was an erroneous conclusion.

¶10.   The Supreme Court of Michigan in ***Phillips v. Butterball Farms Co., Inc.***—a case cited approvingly by this Court in ***Willard II***—actually held that a claim for retaliatory discharge of an employee who files a workers' compensation claim is grounded in tort law.[16]  In fact, the court specifically rejected the defendant's argument that such a claim was based on contract and held that "[t]he duty not to retaliate against an employee for filing a workers' compensation claim arises independently from the employment contract."[17]

¶11.   The Michigan Supreme Court's decision in ***Phillips*** undermined the Michigan Court of Appeals' holding in ***Mourad v. Automobile Club Insurance Association***, that retaliatory

---

[13] ***Paracelsus Health Care Corp. v. Willard***, 754 So. 2d 437, 442 (Miss. 1999).

[14] ***Id.***

[15] ***Id.***

[16] ***Phillips v. Butterball Farms Co., Inc.***, 531 N.W.2d 144, 147 (Mich. 1995).

[17] ***Id.***

5

demotion is based on a breach of a just-cause contract.[18]  *Mourad* was the other Michigan

case cited approvingly by this Court in *Willard II*.

¶12.    Today, we clear up the ambiguity by affirming our decision in *McArn* that claims of

wrongful discharge in violation of public policy are independent tort actions.  Our holding

today is in concert with the majority view in this country.[19]

---

[18] *Mourad v. Auto. Club Ins. Ass'n*, 465 N.W.2d 395, 401 (Mich Ct. App. 1991).

[19] *See Rose v. Anderson Hay & Grain Co.*, 335 P.3d 440, 442 (Wash. Ct. App. 2014) (noting that common law claim of wrongful discharge in violation of public policy is a tort claim); *Davis v. Cmty. Alternatives of Washington, D.C., Inc.*, 74 A.3d 707, 709 (D.C. 2013) (quoting *Carl v. Children's Hosp.*, 702 A.2d 159, 159-60 (D.C. 1997) ("[T]he common law tort of wrongful discharge in violation of public policy . . . creates a 'very narrow' exception to the general rule that at-will employees may be discharged at any time for any reason."); *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659-60 (Tex. 2012) (holding that wrongful termination claims where an employee is fired for refusing to perform an illegal act sound in tort); *VanBuren v. Grubb*, 733 S.E.2d 919, 923 (Va. 2012) ("Wrongful discharge, however, is an action sounding in tort.  While there are components of a contractual relationship, wrongful discharge remains a tort and tort principles must apply."); *Campbell v. Husky Hogs, LLC*, 255 P.3d 1, 9 (Kan. 2011) ("Retaliatory discharge is a tort."); *Wendeln v. The Beatrice Manor, Inc.*, 712 N.W.2d 226, 238 (Neb. 2006) ("We agree that a public policy-based retaliatory discharge claim is based in tort.  Accordingly, such a claim is governed by the general 4-year statute of limitations period . . . ."); *Porter v. City of Manchester*, 849 A.2d 103, 119 (N.H. 2004) ("[W]e have held that wrongful termination is a cause of action in tort . . . ."); *Chandler v. Kenyan*, 862 So. 2d 1182, 1185 (La. Ct. App. 2d Cir. 2003) (citing *Jones v. Orleans Parish Sch. Bd.*, 688 F.2d 342 (5th Cir. 1982)) ("An action for 'wrongful discharge' in an 'at-will' employment relationship sounds in tort and as such is subject to the one-year prescriptive period for delictual [i.e., tort] actions . . . ."); *Boone v. Frontier Refining, Inc.*, 987 P.2d 681, 688 (Wyo. 1999) (characterizing claim for retaliatory discharge in violation of public policy as a tort cause of action); *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1033 (Cal. 1994) (citing *Gantt v. Sentry Ins.*, 824 P.2d 680, 684 (Cal. 1992)) ("Tort claims for wrongful discharge typically arise when an employer retaliates against an employee for '(1) refusing to violate a statute, (2) performing a statutory obligation, (3) exercising a statutory right or privilege, or (4) reporting an alleged violation of a statute of public importance.'"); *Painter v. Graley*, 639 N.E.2d 51, 55 (Ohio 1994) (citing *Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981 (Ohio 1990)) (recognizing a cause of action in tort for wrongful discharge in violation of public policy); *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 102 (Colo.

¶13. Because *McArn* wrongful-discharge claims are independent tort actions, we must necessarily reject Community Care Center's argument that such claims are based on an unwritten employment contract. They are not. As stated by one legal authority, "[c]ourts holding that a cause of action for wrongful discharge in violation of public policy sounds in tort recognize that the duties breached by the employers in the cases were not part of any

1992) ("[W]e hold that Lorenz's cause of action [for wrongful discharge] accrued on the date of his actual discharge and that his tort claim was filed within the applicable statute of limitations."); ***Peterson v. Browning***, 832 P.2d 1280, 1284 (Utah 1992) ("Of those courts recognizing the public policy exception to the at-will doctrine, the overwhelming majority adopt the tort theory."); ***Amos v. Oakdale Knitting Co.***, 416 S.E.2d 166, 173 (N.C. 1992) (recognizing that a plaintiff may seek tort remedies for wrongful discharge based on the public policy exception to the employment at-will doctrine); ***D'Angelo v. Gardner***, 819 P.2d 206, 212 (Nev. 1991) ("An employer commits a tortious discharge by terminating an employee for reasons which violate public policy."); ***Burk v. K-Mart Corp.***, 770 P.2d 24, 28 (Okla. 1989) (recognizing that the public policy exception to the at-will termination rule creates a cause of action in tort); ***McClanahan v. Remington Freight Lines, Inc.***, 517 N.E.2d 390, 392 (Ind. 1988) ("A common plea by discharged plaintiffs is that an employer should be subjected to tort liability if his firing of the employee contravenes a well-defined public policy."); ***Springer v. Weeks & Leo Co., Inc.***, 429 N.W.2d 558, 559 (Iowa 1988) (creating a cause of action for tortious termination of employment at will where employment is terminated for reasons contrary to public policy); ***Boudar v. E.G. & G., Inc.***, 742 P.2d 491, 498 (N.M. 1987) (recognizing a cause of action in tort based upon discharge of an employee in contravention of a clear mandate of public policy); ***Price v. Carmack Datsun, Inc.***, 485 N.E.2d 359, 361 (Ill. 1985) (citing ***Palmateer v. Int'l Harvester Co.***, 421 N.E.2d 876 (Ill. 1981)) (describing the "tort" of retaliatory discharge in violation of public policy); ***Parnar v. Americana Hotels, Inc.***, 652 P.2d 625, 631 (Haw. 1982) ("[A]n employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy."); ***Adler v. Am. Standard Corp.***, 432 A.2d 464, 468 (Md. 1981) ("A majority of the courts expressly recognizing a cause of action for wrongful discharge have treated the employees' claims as tort actions."); ***Pierce v. Ortho Pharm. Corp.***, 417 A.2d 505, 512 (N.J. 1980) ("An employee who is wrongfully discharged may maintain a cause of action in contract or tort or both.").

contract between the employee and the employer but were duties imposed by law outside the contract."[20]

¶14.    A *McArn* claim alleging wrongful discharge in violation of public policy is based on an employer's duty not to thwart the public interest by terminating employees for speaking the truth.[21]  Having found that *McArn* claims are tort-based actions, we next analyze which statute of limitations applies to such claims.

### B.    Applicable Statute of Limitations

¶15.    We have considered which statute of limitations applies in other employment-related disputes.  For instance, in ***Avery, Shanks & Waltman, Inc. v. Giordano-Kirby Insurance Agency, Inc.***, a pre-*McArn* case, this Court overruled a trial court's dismissal of a claim by one corporation against another under Section 15-1-29's one-year statute of limitations for breach of oral employment contracts.[22]  This Court held that the trial court erred in dismissing the action under the one-year statute of limitations, because "[t]his was not a suit by employees to obtain reinstatement, or damages for wrongful termination of employment."[23]

¶16.    Relying on ***Avery, Shanks & Waltman, Inc.***, the United States Court of Appeals for the Fifth Circuit found in ***White v. United Parcel Service*** that this Court had "implicitly

---

[20] 82 Am. Jur. 2d *Wrongful Discharge* § 58 (2013).

[21] *See McArn*, 626 So. 2d at 607 ("[A]n employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.").

[22] ***Avery, Shanks & Waltman, Inc. v. Giordano-Kirby Ins. Agency, Inc.***, 404 So. 2d 1036, 1037 (Miss. 1981).

[23] ***Id.*** at 1037-38.

recognized" that Section 15-1-29 "applied to a 'suit by employees to obtain reinstatement, or damages for wrongful termination of employment.'"[24] However, the issue in *White* concerned only whether the one-year statute of limitations in Section 15-1-29 applied to 42 U.S.C. Section 1981 employment-discrimination claims.[25] The Fifth Circuit concluded that the statute of limitations governing claims for breach of an unwritten employment contract should apply over the then six-year catch-all statute of limitations in Section 15-1-49.[26] However, the United States Supreme Court ultimately overruled *White* and held that state statutes of limitations governing personal injury actions were more appropriate for Section 1981 employment-discrimination claims.[27]

¶17. And in *Michael S. Fawer v. Evans*, this Court—in answering a certified question from the Fifth Circuit—found that Section 15-1-29's one-year statute of limitations did not apply to a contract dispute between an attorney and his former client.[28] The Court held that "[t]he phrase 'actions on unwritten contracts of employment' in [Section 15-1-29], applies only to traditional employer-employee situations."[29] So "an attorney's action against his

---

[24] *White v. United Parcel Serv.*, 692 F.2d 1, 3 (5th Cir. 1982) (per curiam).

[25] *Id.* at 1-2.

[26] *Id.* at 3.

[27] *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661, 107 S. Ct. 2617, 2621 (1987), *superseded by statute*, 28 U.S.C. § 1658, *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S. Ct. 1836, 1845 (2004) (holding that congressionally created four-year statute of limitations applied to employment-discrimination cases).

[28] *Michael S. Fawer v. Evans*, 627 So. 2d 829, 833 (Miss. 1983).

[29] *Id.*

client for fees for professional legal services rendered by the attorney to the client on open account pursuant to an unwritten agreement is subject to the three-year limitations period . . . not the one-year limitation period . . . ."[30]

¶18.   The Court of Appeals, at times, has held that the Section 15-1-29's one-year statute of limitations applies to *McArn* wrongful-discharge claims, and at other times, has held that the Section 15-1-49's three-year statute of limitations applies.[31]   Both the northern and southern federal district courts consistently have applied the one-year statute of limitations in Section 15-1-29.[32]

¶19.   The parties have argued that this Court's opinions in *Sloan v. Taylor Machinery Co.*,[33] and *Bobbitt v. Orchard, Ltd.*,[34] are relevant to determining the applicable statute of

---

[30] *Id.*

[31] *Compare **McCool v. Coahoma Opportunities, Inc.***, 45 So. 3d 711, 714 (Miss. Ct. App. 2010) (holding that an employee's action against her employer for breach of contract was based on the one-year statute of limitations in Section 15-1-29), *with **Wertz v. Ingalls Shipbuilding Inc.***, 790 So. 2d 841, 845 (Miss. Ct. App. 2000) (citing **Nichols v. Tri-State Brick & Tile**, 608 So. 2d 324, 332-33 (Miss. 1992)) ("Pursuant to section 15-1-49, the statute of limitations for claims of . . . wrongful discharge, [the plaintiff] had three years within which to file his claims.").

[32] *See **Davis v. Bank of Am. Corp.***, No. 1:10-CV-23, 2013 WL 666903, at *2 (S.D. Miss. Feb. 22, 2013) ("Though it does not appear that Plaintiff was employed by Coldata, any state claim for wrongful termination would be subject to a one year limitations period."); ***Garrett-Greer v. Key Staff Source, Inc.***, No. 1:08-CV-229-SA-DAS, 2010 WL 1848898, at *5 (N.D. Miss. May 6, 2010) (dismissing a plaintiff's wrongful termination claim as time-barred under the one-year statute of limitations); ***Davis v. Belk Stores Servs., Inc.***, No. 1:07CV537-LG-JMR, 2009 WL 44204, at *3 (S.D. Miss. Jan. 6, 2009) (same).

[33] ***Sloan v. Taylor Mach. Co.***, 501 So. 2d 409, 411 (Miss. 1987).

[34] ***Bobbitt v. Orchard, Ltd.***, 603 So. 2d 356, 361 (Miss. 1992).

limitations. However, those cases address only whether an employee handbook can form the basis of a written employment contract. That issue is not before us.

¶20. So, to summarize our holdings, in *Avery, Shanks & Waltman, Inc.*, this Court tacitly acknowledged that Section 15-1-29 applied to suits "to obtain reinstatement, or damages for wrongful termination of employment."[35] And the Fifth Circuit recognized this in *White*.[36] Finally, in *Michael S. Fawer*, we held that the one-year statute of limitations applies to "traditional employer-employee situations."[37] With these principles in mind, we now will attempt to reconcile our cases.

¶21. Although we said in *Avery, Shanks & Waltman, Inc.* that a claim based on wrongful termination was governed by the one-year statute of limitations in Section 15-1-29, we had not yet decided *McArn*. When we decided *Avery, Shanks & Waltman, Inc.*, Mississippi employees had no action for wrongful discharge in violation of public policy. The only action available to them was a claim for breach of contract. But, as we explained above, *McArn* claims have nothing to do with the existence of a contractual relationship. So our holding in *Avery, Shanks & Waltman, Inc.* does not control our analysis. And, as we recognized in *Michael S. Fawer*, Section 15-1-29 applies only to traditional employment disputes. While *McArn* wrongful-discharge claims may be related to employment disputes,

---

[35] *Avery, Shanks & Waltman, Inc.*, 404 So. 2d at 1037-38.

[36] *White*, 692 F.2d at 3.

[37] *Michael S. Fawer*, 627 So. 2d at 833.

11

the employer's duty is based on matters external to the employment dispute. Thus, *Michael S. Fawer* does not control our analysis.

¶22. Both *Avery, Shanks & Waltman, Inc.* and *Michael S. Fawer* are instructive as to what sorts of claims should be subject to Section 15-1-29's one-year statute of limitations. For instance, a claim by an at-will employee—with no written employment contract—for verbally promised vacation days would be governed by Section 15-1-29. Such a claim would be *based* on the employer's alleged unwritten agreement. Likewise, an at-will employee's claim for the failure to give a promised performance or holiday bonus would fall within Section 15-1-29's purview.

¶23. But an independent tort action against an employer for wrongful discharge in violation of public policy has no relationship to the employment agreement and cannot be subject to the statute of limitations in Section 15-1-29.

¶24. Because *McArn* claims are independent tort actions and are not based on any employment contract, they are not subject to Section 15-1-29's one-year statute of limitations. Section 15-1-49 provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." While we have not previously stated that this is the statute of limitations that applies to *McArn* claims, we do so today. Any language inconsistent with our holding today found in our previous decisions and decisions from the Court of Appeals is now overruled.

**CONCLUSION**

12

¶25.    *McArn* wrongful-discharge claims are subject to Section 15-1-49's three-year statute of limitations.  We affirm the trial court's denial of Community Care Center's motion for summary judgment, and we remand this case to the trial court for further proceedings consistent with this opinion.

¶26.    **AFFIRMED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR.  CHANDLER, J., NOT PARTICIPATING.**