CARLTON, J.,
SPECIALLY CONCURRING:
¶ 20. I concur in result with, the majority. My review of the record reflects that Gibbs claimed in his complaint that he was wrongfully terminated because he expressed an intent to run for the public office of .county supervisor. I. submit that Gibbs’s complaint does not claim wrongful termination -due to his military service. Mississippi Code Annotated section 33 — 1— 15 (Rev. 2010) specifically prohibits employment discrimination against current or former members of any reserve component of the Armed Forces of the United States. The record reflects that the Board failed to provide any reason at all for Gibbs’s termination because he constituted an at-will employee with no written contract.
¶ 21. I agree with the majority that the employment-at-will doctrine applies since no written contract existed between the parties. See Cmty. Care Ctr. of Aberdeen v. Barrentine, 160 So.3d 216, 218 (¶ 5) (Miss. 2015). Precedent reflects that, where the employment relationship is “at-will,” then the employee may be terminated for any reason, except reasons independently de- *668 dared legally impermissible. Galle v. Isle of Capri Casinos Inc., 180 So.3d 619, 622 (¶ 13) (Miss. 2016). In Community Care Center, the Mississippi Supreme Court explained “that daims of wrongful discharge in violation of public policy are independent tort actions” based upon an employer’s duty not to thwart the public interest through termination. Cmty. Care Ctr., 160 So.3d at 219-20 (¶¶ 12, 14). The supreme court rejected the “argument that such claims are based on an unwritten employment contract.” Id. at 220 (¶ 13). Instead, the supreme court held in Community Care Center that an action for wrongful discharge in violation of public policy constitutes an independent tort action arising from the employer’s violation of declared public policy and not from an unwritten contract. Id. at 219-20 (¶¶ 12-14).[7]
¶22. Since Gibbs’s complaint failed to allege wrongful termination- based upon military service, we need not determine today whether an independent tort action arises from the Board’s conduct. Because Gibbs’s complaint did not allege that he was wrongfully terminated for an independently declared impermissible reason that violates public policy, then I concur in result with the majority.
FAIR, J., JOINS THIS OPINION.

. See and compare Cash Distrib. Co. v. Neely, 947 So.2d 286, 293-94 (¶¶ 23-27) (Miss. 2007) (addressing the burden of proof applicable to show nondiscriminatory reasons for termination). See also Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 (2012) (establishing that federal statutes also prohibit employment discrimination against members of the United States Armed Forces).